**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Brad Alan Day, Appellant.

Appellate Case No. 2013-002558

———————————

Appeal From Lexington County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-039
Submitted November 1, 2014 – Filed January 21, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Assistant General Counsel Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Brad Alan Day contends the trial court erred in concluding he was subject to a community supervision program (CSP) because he served the five-year unsuspended portion of his sentence and ruling he could be re-

incarcerated for violations of his CSP.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* (stating an appellate court "is bound by the trial court's factual findings unless they are clearly erroneous"); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony . . . ." ); S.C. Code Ann. § 16-1-20(A)(3) (2003) (stating a person convicted of a Class C felony must be imprisoned no more than twenty years); S.C. Code Ann. § 16-3-655(D)(3) (Supp. 2014) (stating a person convicted of CSC of a minor in the second degree is guilty of a felony and "must be imprisoned for not more than twenty years in the discretion of the court"); S.C. Code Ann. § 24-21-560(A) (2007) ("[A]ny sentence for a 'no parole offense' as defined in Section 24-13-100 must include any term of incarceration and completion of a [CSP] operated by the Department of Probation, Parole, and Pardon Services."); S.C. Code Ann. § 24-21-560(D) (Supp. 2014) ("The maximum aggregate amount of time a prisoner may be required to serve when sentenced for successive revocations [of CSP] may not exceed an amount of time equal to the length of incarceration imposed limited by the amount of time remaining on the original 'no parole offense[.']  The prisoner must not be incarcerated for a period longer than the original sentence.  The original term of incarceration does not include any portion of a suspended sentence."); *State v. Picklesimer*, 388 S.C. 264, 268, 695 S.E.2d 845, 848 (2010) (stating "the 'original sentence,' as referenced in section 24-21-560(D), includes both the suspended and unsuspended portions of a circuit court's sentence; it is, in fact, the total sentence handed down by the court"); *State v. Blakney*, 410 S.C. 244, 251, 763 S.E.2d 622, 626 (Ct. App. 2014)  (stating *Picklesimer*'s interpretation of section 24-21-560(D) applies "to all CSP revocations, whether or not the individual subject to a CSP is also subject to a term of regular probation").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.